UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-1383-VAP (KKx)** | Date: | March 5, 2021 |
|---|---|---|---|
| Title: | *Ryan Carter v. Swift Transportation Co. of Arizona, LLC* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order Granting in Part and Denying in Part Defendant's Motion to Compel [Dkt. 15]

On February 11, 2021, defendant Swift Transportation Co. of Arizona, LLC ("Defendant") filed a "Motion to Compel Further Responses to its (1) Request for Production of Document, Set 1; and (2) Interrogatories, Set 1, and for Monetary Sanctions" ("Motion to Compel"), ECF Docket No. ("Dkt.") 15, with a joint stipulation pursuant to Local Civil Rule 37-1, dkt. 15-1, JS.  The Motion seeks responses to Interrogatories Nos. 26, 27, and 28 and Requests for Production Nos. 49, 50, and 51.  Id.  On February 18, 2021, Defendant filed a supplemental brief.  Dkt. 16.  For the reasons set forth below, the Motion to Compel is GRANTED IN PART and DENIED IN PART.

I.
RELEVANT BACKGROUND

On February 21, 2020, Plaintiff Ryan Carter ("Plaintiff") filed a putative class action Complaint against Defendant and DOES 1 through 50 (collectively, "Defendants") in San Bernardino County Superior Court.  Dkt. 1-1, Compl.  The Complaint alleges (1) failure to pay minimum wages in violation of California Industrial Welfare Commission ("IWC") Wage Order MW-2014 and section 204 of the California Labor Code; (2) failure to pay wages under section 1194 of the California Labor Code; (3) violation of section 203 of the California Labor Code; (4) failure to reimburse necessary expenditures in violation of section 2802 of the California Labor Code; and (5) violation of sections 17200 et seq. of the California Business & Professions Code.  Id. at 11-19.  Plaintiff alleges he was employed by Defendants as a truck driver and brings this class action on behalf of similarly situated class members who "consistently worked at Defendants['] behest without

being paid all wages due" and reimbursed for "business expenses in the course of performing their required job duties[.]"  Id. at 3, 5, 7.

On June 23, 2020, Defendant filed an Answer to the Complaint.  Dkt. 1-7.

On July 13, 2020, Defendant removed the case to this Court.  Dkt. 1.

On October 6, 2020, the Court issued a Civil Trial Scheduling Order, setting July 5, 2021 as the deadline to file a motion for class certification.  Dkt. 14.

On October 15, 2020, Defendant served Plaintiff with (1) Interrogatories, Set One; (2) Request for Production of Documents, Set One; and (3) Requests for Admission, Set One.  Dkts. 15-2, Declaration of John D. Ellis in Support of Defendant's Motion to Compel ("Ellis Decl."), ¶ 5, Exs. D, E, F; 15-22, Declaration of Natalie Haritoonian in Support of Joint Stipulation re: Motion to Compel ("Haritoonian Decl."), ¶ 3.

On November 10, 2020, Plaintiff's counsel requested a two-week extension to respond to Defendant's discovery requests.  Ellis Decl., ¶ 6; Haritoonian Decl., ¶ 4.  Defendant agreed to Plaintiff's request for an extension to December 3, 2020.  Id.

On December 3, 2020, Plaintiff served responses to Defendant's discovery requests ("Responses").  Ellis Decl., ¶ 7; Haritoonian Decl., ¶ 6.

On December 4, 2020, Defendant's counsel sent Plaintiff's counsel a letter via email to meet and confer regarding Plaintiff's "boldly deficient" responses to Defendant's discovery requests.  Ellis Decl., ¶ 8, Ex. G.  Defendant's counsel requested Plaintiff supplement his responses and produce responsive documents no later than December 11, 2020.  Id.; Haritoonian Decl., ¶ 7.

On December 11, 2020, Plaintiff served his first supplemental responses ("First Supplemental Responses") to Defendant's (1) Interrogatories, Set One; (2) Request for Production of Documents, Set One; and (3) Requests for Admission, Set One.  Ellis Decl., ¶ 9, Exs. H, I, J; Haritoonian Decl., ¶ 8.

On December 23, 2020, Defendant's counsel sent Plaintiff's counsel another letter via email to meet and confer regarding multiple "deficient" supplemental responses, including Interrogatories Nos. 26, 27, and 28 and Requests for Production Nos. 49, 50, and 51.  Ellis Decl., ¶ 10, Ex. K; Haritoonian Decl., ¶ 9.  Defendant's counsel requested Plaintiff further supplement his responses and produce responsive documents no later than January 4, 2021.  Id.

On December 28, 2020, Plaintiff's counsel responded via email, stating she would provide additional supplemental responses to Defendant's discovery requests by January 22, 2021, if Plaintiff's counsel found such responses "necessary."  Ellis Decl., ¶ 11, Ex. L.

On December 29, 2020, Defendant's counsel responded via email declining to agree to another extension of time and requesting Plaintiff provide supplemental responses no later than January 11, 2021, prior to Plaintiff's deposition on January 14, 2021.  Id., ¶ 12, Ex. M.

On January 5, 2021, Plaintiff's counsel responded via email, asking Defendant's counsel to reconsider and allow Plaintiff until January 22, 2021 to review the December 23, 2020 meet and confer letter and provide supplemental responses, if necessary, because Plaintiff's counsel planned to take "a few days off and it was the holidays." Id., ¶ 13, Ex. N. The email further stated Plaintiff's counsel would provide the responses before Plaintiff's deposition but requested Defendant's counsel provide alternative dates for the deposition because "Defendant served Plaintiff with a deposition notice without first confirming if the date even works for Plaintiff and his counsel[.]" Id.

On January 11, 2021, Defendant's counsel responded via email, stating Defendant would move to compel further responses if Plaintiff did not provide "compliant supplemental responses by January 18, 2021[.]" Id., ¶ 14, Ex. O.

On January 18, 2021, Plaintiff's counsel requested the parties meet and confer telephonically, seeking clarification regarding Defendant's discovery requests. Id., ¶ 15; Haritoonian Decl., ¶ 10.

On January 20, 2021, the parties met and conferred telephonically. Ellis Decl., ¶ 16; Haritoonian Decl., ¶ 10; see also Ellis Decl., ¶ 17, Ex. P. Plaintiff's counsel agreed to provide supplemental responses to Interrogatory No. 28. Id. However, with respect to Interrogatories Nos. 26 and 27 and Requests for Production Nos. 49, 50, and 51, Plaintiff's counsel stated she needed to confer with the managing attorney regarding Plaintiff's position. Haritoonian Decl., ¶ 11. Further, with respect to Interrogatory No. 51, Plaintiff's counsel proposed providing the identity of Plaintiff's phone carrier and an authorization to release records. Ellis Decl., ¶ 17, Ex. P.

On January 22, 2021, Plaintiff's counsel requested the parties meet and confer telephonically again regarding the remaining discovery issues. Id., ¶ 18; Haritoonian Decl., ¶ 12.

On January 26, 2021, the parties met and conferred telephonically. Ellis Decl., ¶ 19; Haritoonian Decl., ¶ 12, Ex. B. During the call, Plaintiff's counsel stated Plaintiff would supplement his responses to Interrogatories Nos. 26 and 27 to reflect his position "they were premature" and "agreed to provide facts regarding manageability and the trial plan at the time Plaintiff files his motion for class certification." Id. Plaintiff's counsel declined to supplement Plaintiff's responses to Requests for Production Nos. 49, 50, and 51. Id. That same day, Plaintiff served his second supplemental responses ("Second Supplemental Responses") to Defendant's (1) Interrogatories, Set One; (2) Request for Production of Documents, Set One; and (3) Requests for Admission, Set One. Ellis Decl., ¶ 20, Exs. Q, R, S; Haritoonian Decl., ¶ 13.

On February 11, 2021, Defendant filed the instant Motion to Compel, dkt. 15, with a joint stipulation pursuant to Local Civil Rule 37-1, dkt. 15-1, JS.

On February 18, 2021, Defendant filed a supplemental brief in support of the Motion to Compel. Dkt. 16.

The matter thus stands submitted.

## II.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable." Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer" or "production[.]" FED. R. CIV. P. 37(a)(3)(B)(iii), (iv).  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond."  FED. R. CIV. P. 37(a)(4).  "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) (citation omitted).  In addition, "relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD (SAB), 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

## III.
## DISCUSSION

### A.    INTERROGATORIES NOS. 26, 27, AND 28

####    1.    Applicable Law

Federal Rule of Civil Procedure 33 governs interrogatories to parties.  See FED. R. CIV. P. 33. "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  FED. R. CIV. P. 33(a)(1).  "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

under oath." FED. R. CIV. P. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).

### 2. Analysis

#### a. Interrogatories Nos. 26 and 27

Interrogatory No. 26 requests Plaintiff "state all facts that [Plaintiff] contend support [Plaintiff's] contention that this case is manageable as a class action." JS at 11.

Interrogatory No. 27 requests Plaintiff "state all facts that describe [Plaintiff's] trial plan." Id. at 17.

Plaintiff objects in his Responses and First and Second Supplemental Responses to Interrogatories Nos. 26 and 27 on multiple grounds, including the requests are (a) overbroad; (b) unduly burdensome and oppressive; (c) vague and ambiguous; (d) not limited to a specific time scope; (e) neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (f) an invasion of Plaintiff's and third parties' privacy; (g) assuming facts not found in evidence, (h) calling for a legal conclusion; (i) seeking information protected by the attorney-client privilege or work-product doctrine; (j) premature in the early stages of litigation; and (k) seeking information available to Defendant or readily available through a reasonable search. Id. at 11-14, 17-20; Ellis Decl., ¶¶ 9, 20, Exs. H, Q. Plaintiff states he will supplement a response to Interrogatory No. 26 at a later time and provide the requested trial plan in response to Interrogatory No. 27 at the time Plaintiff files his motion for class certification. JS at 13, 20; Ellis Decl., ¶ 20, Ex. Q.

Defendant argues the information sought through Interrogatories Nos. 26 and 27 is relevant to Plaintiff's class certification motion and argues Plaintiff cannot delay his responses. JS at 15-16, 21-24.

As an initial matter, the Court notes Plaintiff does not appear to dispute the relevancy of Interrogatories Nos. 26 and 27. Id. at 16-17, 22. The information sought by Interrogatories Nos. 26 and 27 is relevant to Plaintiff's class certification motion. See FED. R. CIV. P. 23(b)(3)(D) (stating that in deciding whether to certify a class, a court must consider "the likely difficulties in managing a class action"). The Court, however, finds both interrogatories premature. At this early stage of litigation, Plaintiff has not completed discovery necessary for class certification. Plaintiff thus cannot provide "all facts" to support his contention that the case is manageable as a class action or his trial plan. In addition, a request for all facts to support manageability and a trial plan is overbroad at this stage. To the extent Defendant seeks any facts supporting manageability, Plaintiff has disclosed facts that support manageability and are in Plaintiff's possession in the operative Complaint and other discovery thus far. See dkt. 1-1, Compl.; Ellis Decl., ¶¶ 9, 20, Exs. H, I, Q, R.

Accordingly, with respect to Interrogatories Nos. 26 and 27, Plaintiff's objections based on prematurity and overbreadth are SUSTAINED, but Plaintiff's objection based on relevance is

OVERRULED.[1] Defendant's Motion to Compel further response to Interrogatories Nos. 26 and 27 is DENIED without prejudice. The Court, however, instructs Plaintiff to provide supplemental responses to Interrogatories Nos. 26 and 27 when Plaintiff obtains all facts to support his contention that the case is manageable as a class action and his trial plan, **or no later than seven (7) calendar days prior to filing his motion for class certification**.

        **b.**      **Interrogatory No. 28**

Interrogatory No. 28 poses the following question:

> Is [Plaintiff's] response to each Request for Admission served with these Interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:
> (a) state the number of the request;
> (b) state all facts upon which you base your response;
> (c) state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and
> (d) identify all DOCUMENTS and other tangible things that support your response and state the name, address, and telephone number of the person who has each DOCUMENT or thing.

JS at 26.

Plaintiff objects in his Responses and First and Second Supplemental Responses to Interrogatory No. 28 on multiple grounds, including that Interrogatory No. 28 is (a) overbroad; (b) unduly burdensome and oppressive; (c) vague and ambiguous; (d) not limited to a specific time scope; (e) neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (f) an invasion of Plaintiff's and third parties' privacy; (g) assuming facts not found in evidence, (h) calling for a legal conclusion; (i) seeking information protected by the attorney-client privilege or work-product doctrine; (j) premature; and (k) seeking information available to Defendant or readily available through a reasonable search. <u>Id.</u> at 26-28; Ellis Decl., ¶¶ 9, 20, Exs. H, Q. Nonetheless, Plaintiff provided a substantive response to Interrogatory No. 28 regarding the admissions that were not unqualified to Requests for Admission Nos. 7, 9-18, but did not provide a substantive response to Interrogatory No. 28 regarding Request for Admission No. 4, <u>see</u> JS at 31-32. <u>See id.</u> at 28-31; Ellis Decl., ¶¶ 9, 20, Exs. H, Q.

Defendant argues Plaintiff's response is insufficient because Plaintiff's substantive response to Interrogatory No. 28 did not address Request for Admission No. 4. JS at 31-32.

As an initial matter, the Court finds the parties do not dispute the relevance of the information sought by this request. Plaintiff, however, appears to contend he did not address Request for Admission No. 4 because (a) Defendant did not raise any issue with Plaintiff's response

---

[1] To the extent Plaintiff raises other grounds for objections in his response and supplemental responses to Interrogatories Nos. 26 and 27, it appears Plaintiff has abandoned these objections, as they were not raised in the joint stipulation, dkt. 15-1. JS. The Court thus OVERRULES any other objections to Interrogatories Nos. 26 and 27.

to Request for Admission No. 4 in Defendant's meet and confer letter, (b) "Plaintiff supplemented [h]is response by admitting [Requests for Admission] Nos. 5 and 6 and [denying] [Request for Admission] No. 7," and (c) Plaintiff "explained that Plaintiff did not operate trucks in interstate commerce during the scope of his employment with Defendant." Id. at 32-33. The Court finds each of these arguments meritless. Request for Admission No. 4 is different from Requests for Admission Nos. 5, 6, and 7. Moreover, Plaintiff fails to explain why he provided a substantive response to Interrogatory No. 28 regarding the admissions that were not unqualified to Requests for Admission Nos. 7, 9-18, but not the admission that was not unqualified to Request for Admission No. 4.

Accordingly, Plaintiff's objections are OVERRULED. Defendant's Motion to Compel further response to Interrogatory No. 28 with respect to Plaintiff's response to Request for Admission No. 4 is GRANTED.

### B.    REQUESTS FOR PRODUCTION NOS. 49, 50, 51

#### 1.    Applicable Law

Federal Rule of Civil Procedure 34 governs requests for production of documents. See FED. R. CIV. P. 34. The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] . . . accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

#### 2.    Analysis

##### a.    Requests for Production Nos. 49 and 50

Request for Production No. 49 seeks: "For each Facebook account maintained by [Plaintiff] please produce [Plaintiff's] account data for the period during which [Plaintiff] allege[s] [Plaintiff] performed work for DEFENDANT showing any activity during DAILY TIMESHEET HOURS. ([Plaintiff] may download and print [Plaintiff's] Facebook data by logging onto [Plaintiff's] Facebook account, selecting 'Account Settings' under the 'Account' tab on [Plaintiff's] homepage, clicking on the 'learn more' link beside the 'Download Your Information' tab, and following the directions on the 'Download Your Information' page.)." JS at 33.

Request for Production No. 50 seeks: "For each social media account maintained by [Plaintiff] please produce [Plaintiff's] account data for the period during which [Plaintiff] performed work for DEFENDANT showing any activity during DAILY TIMESHEET HOURS." Id. at 38.

Plaintiff objects in his Response and First and Second Supplemental Responses to Requests for Production Nos. 49 and 50 on multiple grounds, including Requests for Production Nos. 49 and 50 are (a) overbroad; (b) unduly burdensome and oppressive; (c) vague and ambiguous; (d) neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (e) calling for speculation and legal conclusion as to the meaning of their terms; (f) compound; (g) an invasion of Plaintiff's and third parties' privacy; (h) seeking information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, or immunity; and (i) seeking

information available to Defendant or readily available through a reasonable search.  Id. at 33-35, 38-40; Ellis Decl., ¶¶ 9, 20, Exs. I, Q.

Defendant argues (a) Plaintiff's personal activity, including his social media activity, during his work day is relevant to Plaintiff's allegation that he worked off the clock without pay and (b) there is no authority to support Plaintiff's position that information sought is subject to privacy protections.  JS at 35-36, 40-41.

First, the Court finds the information requested has limited relevance.  More importantly, this limited relevance is outweighed by the burden of the requests for production.  Requiring Plaintiff to download and print his Facebook and other social media account data is a particularly cumbersome request.  Facebook, for example, possesses numerous categories of information about its users, including but not limited to, posts users have shared on Facebook, comments users have posted, the people users are connected to on Facebook, messages users have exchanged with others, groups users belong to, and users' responses to events.  Because Defendant requests Plaintiff's social media activity during the entire time he was employed, which appears to be at least four years, see dkt. 1-1, Compl., Plaintiff's responses may yield hundreds of pages of personal information, including information regarding Plaintiff's substantive communications, photos, interests, and contacts.  Defendant's requests for social media account data, thus, pose a weighty intrusion into Plaintiff's personal life.  In addition, attempting to redact such information so that it contains only the dates and times in which Plaintiff was active on his social medica accounts would be unwieldy and time-consuming.  Hence, the Court finds Requests for Production Nos. 49 and 50 are not proportional to the needs of the case.  See FED. R. CIV. P. 26(b).

Accordingly, Plaintiff's objections to Requests for Production Nos. 49 and 50 on the basis of overbreadth and burden are SUSTAINED.  Defendant's Motion to Compel further response to Requests for Production Nos. 49 and 50 is DENIED.

### b. Request for Production No. 51

Request for Production No. 51 seeks: "All DOCUMENTS and/or phone records sufficient to show the time and duration of any and all calls, texts, or emails placed or received by [Plaintiff] on [Plaintiff's] personal phone during DAILY TIMESHEET HOURS."  JS at 42.

Plaintiff objects in his Responses and First and Second Supplemental Responses to Request for Production No. 51 on multiple grounds, including that Request for Production No. 51 is (a) overbroad; (b) unduly burdensome and oppressive; (c) vague and ambiguous; (d) neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence; (e) calling for speculation and legal conclusion as to the meaning of its terms; (f) compound; (g) an invasion of Plaintiff's and third parties' privacy; (h) seeking information protected by the attorney-client privilege, work-product doctrine, joint defense privilege, common interest privilege, or any other applicable privilege, doctrine, or immunity; and (i) seeking information available to Defendant or readily available through a reasonable search.  Id. at 42-43; Ellis Decl., ¶¶ 9, 20, Exs. I, Q.

Defendant argues (a) Plaintiff's personal activity, including his phone activity, during his work day is relevant to Plaintiff's allegation that he worked off the clock without pay and (b) there is

no authority to support Plaintiff's position that information sought is subject to privacy protections. Id. at 43-45.

The Court finds Plaintiff's personal phone records and documents indicating (1) the time Plaintiff made and received calls and (2) the duration of those calls are relevant to the issue of whether Plaintiff worked without pay during Plaintiff's daily timesheet hours. To the extent these personal phone records reveal Plaintiff's or a third party's personal information, that information may be redacted. The Court, however, finds phone records indicating the time of any texts or emails placed or received on Plaintiff's personal phone are not easily accessible and would require unwieldy and time-consuming redactions. The Court further notes such records would only be relevant to the extent Plaintiff was responding, as opposed to passively receiving, texts or emails.

Accordingly, Plaintiff's objections to Request for Production No. 51, as it relates to texts and emails, on the basis of burden is SUSTAINED. Plaintiff's objections to Request for Production No. 51, as it relates to phone calls, are OVERRULED. Defendant's Motion to Compel further response to Request for Production No. 51 is thus DENIED IN PART and GRANTED IN PART for the reasons set forth above. The Court orders Plaintiff to produce all documents and/or phone records sufficient to show the time and duration of any and all calls placed or received by Plaintiff on Plaintiff's personal phone during Plaintiff's daily timesheet hours and/or hours he purports to have worked off the clock.

### C. ATTORNEY'S FEES

Defendant seeks an order requiring Plaintiff to pay sanctions for the costs incurred in bringing the Motion to Compel. JS at 46.

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), "[i]f the motion is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

Here, Defendant's Motion to Compel is granted in part and denied in part. The Court, therefore, finds an award of expenses not warranted under these circumstances. Hence, Defendant's request for an award of attorney's fees incurred in bringing the Motion to Compel is DENIED.

### IV.
### CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion to Compel is GRANTED IN PART and DENIED IN PART. Accordingly, **no later than March 12, 2021**, Plaintiff shall serve verified supplemental responses to:

1. Interrogatory No. 28, only to address Plaintiff's response that was not an unqualified admission to Request for Admission No. 4, and

2. Request for Production No. 51, only to produce all documents and/or phone records sufficient to show the time and duration of any and all calls placed or

received by Plaintiff on Plaintiff's personal phone during Plaintiff's daily timesheet hours and/or hours he purports to have worked off the clock.