1  DAVID YEREMIAN & ASSOCIATES, INC.
   David Yeremian (SBN 226337)
2  David@yeremianlaw.com
   Natalie Haritoonian (SBN 324318)
3  Natalie@yeremianlaw.com
   535 N. Brand Blvd., Suite 705
4  Glendale, California 91203
   Telephone: (818) 230-8380
5  Facsimile: (818) 230-0308

6  Attorneys for Plaintiff RYAN CARTER,
   on behalf of himself and all others similarly situated
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

| | |
|---|---|
| 11  RYAN CARTER an individual, on behalf of himself and others similarly situated,<br>12<br>Plaintiff,<br>13<br>vs.<br>14<br>SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company; and DOES 1 through 50, inclusive,<br>16<br>Defendants. | Case No.: 5:20-cv-01383-VAP-KK<br><br>CLASS ACTION<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages Under Labor Code § 1194;<br>3. Violation of Labor Code § 203;<br>4. Reimbursement of Necessary Expenditures Under Labor Code § 2802; and<br>5. Violation of Business & Professions Code § 17200 *et seq*.<br><br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED CLASS ACTION COMPLAINT

# INTRODUCTION

1. Plaintiff RYAN CARTER ("Plaintiff") brings this action on behalf of himself and the Class Members who are defined as "all current and former employees within the State of California who, at any time four (4) years prior to the filing of this lawsuit, are or were employed as truck drivers paid on an hourly basis by Defendants SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, a Delaware limited liability company, and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants").

2. Plaintiff alleges that Defendants, and each of them, violated various provisions of the California Labor Code, relevant orders of the Industrial Welfare Commission (IWC), and the California Business & Professions Code, and seeks redress for these violations.

3. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

# THE PARTIES

**A.    The Plaintiff**

4. Plaintiff RYAN CARTER has resided in California and, during the time period relevant to this Complaint, was employed by Defendants as truck driver within the State of California, based out of Defendants' facility in San Bernardino County, California.

**B.    The Defendants**

5. Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is a Delaware limited liability company and is registered with the California Secretary of State and describes its type of business as "transportation services." Defendant SWIFT TRANSPORTATION CO. OF ARIZONA, LLC has been the employer listed on the wage statements and employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with Defendants.

6. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue these Defendants by such fictitious names under Code of

1  Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants
2  designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in
3  some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend
4  this Complaint to reflect the true names and capacities of the Defendants designated herein as
5  Does 1 through 50 when their identities become known.

6      7.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in
7  all respects pertinent to this action as the agent of the other Defendants, that Defendants carried
8  out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of
9  each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in
10 all respects as the employers or joint employers of Class Members. Defendants, and each of them,
11 exercised control over the wages, hours or working conditions of Class Members, or suffered or
12 permitted Class Members to work, or engaged, thereby creating a common law employment
13 relationship, with Class Members. Therefore, Defendants, and each of them, employed or jointly
14 employed Class Members.

15     8.    Whenever and wherever reference is made in this Complaint to any act by a
16 defendant or defendants, such allegations and references shall also be deemed to mean the acts and
17 failures to act of each defendant acting individually, jointly, and severally.

18     9.    Whenever and wherever reference is made to individuals who are not named as a
19 Defendant in this Complaint but were agents, servants, employees and/or supervisors of
20 Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope
21 of their employment.

## JURISDICTION AND VENUE

23     10.    This Court has jurisdiction over this Action pursuant to California Code of Civil
24 Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought
25 as a Class Action on behalf of similarly situated Class Members of Defendants pursuant to
26 California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial
27 district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief,
28 the obligations and liabilities giving rise to this lawsuit occurred in part in San Bernardino County.

- 3 -
FIRST AMENDED CLASS ACTION COMPLAINT

Defendants maintain and operate facilities in San Bernardino County, and employs Plaintiff and other Class Members in San Bernardino County, while doing business throughout California.

## FACTUAL BACKGROUND

11. Class Members consistently worked at Defendants behest without being paid all wages due. Class Members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum and regular rates. Plaintiff also contends that Defendants failed to pay Class Members all wages due and owing, including by requiring off the clock work, failing to timely pay wages including final wages; and failing to reimburse for necessary business expenses, all in violation of various provisions of the California Labor Code and applicable Wage Orders.

12. During the course of Class Members' employment with Defendants, they were not paid all wages they were owed, including for all work performed resulting in off the clock work. Class Members would work before their scheduled shifts began and also after their scheduled shifts ended, but they were required to clock in and clock out of the timekeeping system at their scheduled shift times instead of the actual hours they worked. Specifically, pre-shift off the clock work included processing documents before leaving the distribution center and post-shift off the clock work also included Class Members processing documents such as bills and delivery sheets after they got back to the distribution center.

13. By implementing policies, programs, practices, procedures and protocols which resulted in off the clock work and systematically failed to pay for all hours worked, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members.

14. Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Class Members for all hours worked, and failing to pay minimum wages for all time worked, as required by California law. Defendants thus failed to pay Class Members at least minimum wages for all the time they worked for Defendants in violation of the Labor Code and applicable IWC Wage Orders as the actual times when Class Members were under the control and direction of Defendants was under reported in the hours reflected on the timekeeping records. Furthermore, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members,

1  including underpayment of overtime pay to Class Members over a period of time.

2      15.    By implementing policies, practices, procedures and protocols which required Plaintiff and Class Members to engage in off-the-clock work, Defendants' willful actions resulted in the systematic underpayment of wages to Class Members over a period of time. Defendants thus required Plaintiff and the Class Members to perform work attendant at the beginning and ending of their work shifts and also periods of time for which was not recorded due to Defendants' unlawful policies and procedures.

    16.    Therefore, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants had a consistent policy or practice of failing to pay Class Members for all hours worked, and failing to pay minimum wages for all time worked as required by California Law. Defendants conduct is in violation of the <u>Labor Code</u> and applicable IWC Wage Orders as the actual times when Plaintiff and Class Members were under the control and direction of Defendants was under reported in the hours reflected on the timekeeping records, resulting in the systematic underpayment of wages to Class Members over a period of time.

    17.    As a result of the above described pre-shift, post-shift work, and off the clock work, along with the other wage violations they endured at Defendants' hands addressed herein, Plaintiff and the Class Members were not properly paid by Defendants all wages earned and owed to them, and/or were not paid at the required rate of pay for all hours worked.

    18.    From at least four (4) years prior to filing this lawsuit and continuing to the present, Defendants have thus also had a consistent policy of failing to pay all wages owed to Class Members at the time of their termination of within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. Specifically, Defendants failed to pay Plaintiff for all wages due and certain at the time of termination in compliance with <u>Labor Code</u> §§ 201-203. Instead, Defendants waited until the next scheduled pay date to give Plaintiff his final check which was a week after he had been terminated. Upon information and belief, Defendants implemented the same policy and procedure for Class Members as well. Additionally, these Class Members were not paid all regular wages because Defendants failed to pay for all hours worked or required off the clock work. Defendants' failure to pay said wages within the required time was willful

1  within the meaning of Labor Code § 203.

2       19.    Additionally, from at least four (4) years prior to the filing of this lawsuit and
3  continuing to the present, Defendants have regularly required Class Members to incur business
4  expenses in the course of performing their required job duties for Defendants, namely, the cost of
5  diesel exhaust fluid which Class Members were required to use in order to execute their duties
6  under Defendants' employ. These expenses incurred by Class Members were necessary and
7  required of them in performing their assigned job duties, but Defendants failed to reimburse Class
8  Members for all such necessary expenditures, thus entitling them to reimbursement according to
9  proof as required under Labor Code § 2802 and the applicable provisions of the IWC Wage
10 Orders.

11       20.    In light of the foregoing, Plaintiff and Class Members bring this action pursuant to,
12 *inter alia*, Labor Code §§ 201, 202, 203, 204, 558, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199,
13 2802, and California Code of Regulations, Title 8, section 11000 *et seq*.

14       21.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff
15 and the Class Members seek injunctive relief, restitution, and disgorgement of all benefits
16 Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or
17 fraudulent practices alleged in this Complaint.

### **CLASS ALLEGATIONS**

     22.    Plaintiff seeks to represent the following Subclasses composed of and defined as follows:

    a. Subclass 1. Minimum Wages Subclass. All Class Members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

    b. Subclass 2. Wages Subclass. All Class Members who were not compensated for all hours worked for Defendants at the required rates of pay.

    c. Subclass 3. Expense Reimbursement Subclass. All Class Members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendants and who were subject to a policy and/or practice

under which such expenses were not reimbursed.

d. <u>Subclass 4. Termination Pay Subclass</u>. All Class Members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

e. <u>Subclass 5. UCL Subclass</u>. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

23. Plaintiff reserves the right under <u>California Rule of Court</u> 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

24. Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged in a practice whereby Defendants failed to correctly calculate compensation for the time worked by the Plaintiff and the other members of the Class, even though Defendants enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which they are and were entitled to in order to unfairly cheat the competition and unlawfully profit.

25. This action has been brought and may properly be maintained as a class action under the provisions of <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in litigation and proposed Class is easily ascertainable.

**A. Numerosity**

26. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, employed hundreds of Class Members who satisfy the

1 Class definition within the State of California.

2     27.    Accounting for employee turnover during the relevant time period increases this
3 number substantially. Plaintiff alleges that Defendants' employment records will provide
4 information as to the number and location of all Class Members.

**B.    Commonality**

    28.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. These common questions of law and fact include:

    a.    Whether Defendants failed to pay Class Members minimum wages;

    b.    Whether Defendants failed to pay Class Members wages for all hours worked;

    c.    Whether Defendants violated Labor Code § 2802 by failing to reimburse necessary business related expenses;

    d.    Whether Defendants violated Labor Code § 204 by failing to timely pay wages;

    e.    Whether Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

    f.    Whether Defendants' conduct was willful;

    g.    Whether Defendants violated Labor Code § 1194 by failing to compensate all Class Members during the relevant time period for all hours worked;

    h.    Whether Defendants violated Business and Professions Code § 17200 *et seq.*; and

    i.    Whether Class Members are entitled to equitable relief pursuant to Business and Professions Code § 17200 *et seq*.

**C.    Typicality**

    29.    The claims of the named Plaintiff are typical of those of the other employees. Class Members all sustained injuries and damages arising out of and caused by Defendants' common

- 8 -
FIRST AMENDED CLASS ACTION COMPLAINT

course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

### D. Adequacy of Representation

30. Plaintiff will fairly and adequately represent and protect the interest of the Class Members. Counsel who represents the Class Members are experienced and competent in litigating employment class actions.

### E. Superiority of Class Action

31. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to all Class Members predominate over any questions affecting only individual Class Members. Each Class Member has been damaged and is entitled to recovery by reason of Defendants' illegal policies or practices of failing to properly compensate Class Members.

32. As to the issues raised in this case, a class action is superior to all other methods for the fair and efficient adjudication of this controversy, as joinder of all Class Members is impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class Members. Further, as the economic or other loss suffered by vast numbers of Class Members may be relatively small, the expense and burden of individual actions makes it difficult for the Class Members to individually redress the wrongs they have suffered. Moreover, in the event disgorgement is ordered, a class action is the only mechanism that will permit the employment of a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in managing this case as a class action, and proceeding on a class-wide basis will permit Class Members to vindicate their rights for violations they endured which they would otherwise be foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to them.

33. Class action treatment will allow those persons similarly situated to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment.

1  Plaintiff contemplates the eventual issuance of notice to the proposed Class Members that would
2  set forth the subject and nature of the instant action. The Defendants' own business records can be
3  utilized for assistance in the preparation and issuance of the contemplated notices. To the extent
4  that any further notice is required additional media and/or mailings can be used.

5        34.    Defendants, as a prospective and actual employer of the Class Members, had a
6  special fiduciary duty to disclose to prospective Class Members the true facts surrounding
7  Defendants' pay practices, policies and working conditions imposed upon Class Members as well
8  as the effect of any alleged arbitration agreements that may have been forced upon them. In
9  addition, Defendants knew they possessed special knowledge about pay practices and policies,
10 most notably intentionally refusing to pay for all hours actually worked which should have been
11 recorded in Defendants' pay records and the consequence of the alleged arbitration agreements
12 and policies and practices on the Class Members.

13       35.    Plaintiff and Class Members did not discover the fact that they were entitled to all
14 pay under the <u>Labor Code</u> until shortly before the filing of this lawsuit nor was there ever any
15 discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury,
16 right to collectively organize and oppose unlawful pay practices under California and federal law
17 as well as obtain injunctive relief preventing such practices from continuing. As a result, the
18 applicable statutes of limitation were tolled until such time as Plaintiff and the Class Members
19 discovered their claims.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(Against All Defendants)**

23       36.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in
24 full herein.

25       37.    Defendants failed to pay Class Members minimum wages for all hours worked.
26 Defendants had a consistent policy of misstating Class Members' time records and failing to pay
27 Class Members for all hours worked. Class Members would work hours and not receive wages,
28 including as alleged above in connection with off the clock work. Defendants, and each of them,

have intentionally and improperly changed, adjusted and/or modified the hours of Class Members, which resulted in off the clock work and underpayment of all wages owed to Class Members over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Class Members, to their detriment. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Class Members as to minimum wage pay.

38. In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

39. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

40. The applicable minimum wages fixed by the commission for work during the relevant period is found in Paragraph 4(A)-4(D) of the IWC Wage Orders.

41. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

42. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at least at the statutory or agreed upon rate, and no part of this rate may be used as a credit against a minimum wage obligation.

43. In committing these violations of the California Labor Code, Defendants inaccurately recorded or incorrectly calculated the time worked, and consequently underpaid the actual time worked by Class Members. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

44. California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

45. In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

46. Pursuant to California Labor Code § 1194.2, Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

47. Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Class Members.

48. Wherefore, Plaintiff and Class Members are entitled to recover the unpaid minimum wages, liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and Class Members further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code and/or other applicable statutes.

///

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES UNDER LABOR CODE § 1194

**(Against All Defendants)**

49. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

50. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

51. Defendants had a consistent policy of not paying Class Members wages for all hours worked, including by requiring off the clock work under-reporting actual hours worked, as detailed above.

52. Defendants, and each of them, have intentionally and improperly required Class Members to work off the clock to avoid paying Class Members all earned and owed straight time and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Based on information and belief, Defendants did not make available to Class Members a reasonable protocol for fixing incorrect time entries, to the Class Members' detriment.

53. Defendants' failure to pay Plaintiff and Class Members the unpaid balance of regular wages owed, as required by California law, violates the provisions of Labor Code § 1198, and is therefore unlawful.

54. Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover

underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and Class Members seek the remedies set forth in Labor Code § 558.

55. Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages earned by Class Members. Each such failure to make a timely payment of compensation to Class Members constitutes a separate violation of California Labor Code § 204.

56. Class Members have been damaged by these violations of California Labor Code § 204 (and the relevant orders of the Industrial Welfare Commission).

57. Consequently, pursuant to California Labor Code, including Labor Code §§ 204, and 1194 (and the relevant orders of the Industrial Welfare Commission), Defendants are liable to Class Members for the full amount of all their unpaid wages, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

58. Further, Plaintiff and Class Members are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

### THIRD CAUSE OF ACTION
### VIOLATION OF LABOR CODE § 203
**(Against All Defendants)**

59. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

60. Numerous Class Members, including Plaintiff, are no longer employed by Defendants; they either quit Defendants' employ or were fired there from.

61. Defendants failed to pay these Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

62. The wages withheld from these Class Members by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

63. Defendants failed to pay Class Members without abatement, all wages as defined by applicable California law. Specifically, Defendants failed to pay Plaintiff for all wages due and certain at the time of termination in compliance with Labor Code §§ 201-203. Instead, Defendants waited until the next scheduled pay date to give Plaintiff his final check which was a week after he had been terminated. Upon information and belief, Defendants implemented the same policy and procedure for Class Members as well. Additionally, these Class Members were not paid all regular wages because Defendants failed to pay for all hours worked or required off the clock work. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

64. Defendants' failure to pay wages, as alleged entitles these Class Members to penalties under Labor Code § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

## FOURTH CAUSE OF ACTION

**FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES, LABOR CODE § 2802**

**(Against All Defendants)**

65. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full herein.

66. Under Labor Code § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

67. Defendants have regularly required Class Members to incur business expenses in the course of performing their required job duties for Defendants, namely, the cost of diesel

exhaust fluid which Class Members were required to use in order to execute their duties under Defendants' employ. These expenses incurred by Class Members were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Class Members for all such necessary expenditures. Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

68. As a result of the unlawful acts of Defendants, Class Members have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 *ET SEQ*.**

**(Against All Defendants)**

69. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

70. Plaintiff, on behalf of himself, Class Members, and the general public, brings this claim pursuant to Business & Professions Code § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Class Members and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

71. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

72. Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice failed to compensate Plaintiff and Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission

1 requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for
2 which this Court should issue injunctive and equitable relief, pursuant to California Business &
3 Professions Code § 17203, including restitution of wages wrongfully withheld.

4    73. Wage-and-hour laws express fundamental public policies. Paying employees their
5 wages, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the
6 public policies of this State vigorously to enforce minimum labor standards, to ensure that
7 employees are not required or permitted to work under substandard and unlawful conditions, and
8 to protect law-abiding employers and their employees from competitors who lower costs to
9 themselves by failing to comply with minimum labor standards.

10    74. Defendants have violated statutes and public policies. Through the conduct alleged
11 in this Complaint, Defendants have acted contrary to these public policies, have violated specific
12 provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in
13 violation of Business & Professions Code § 17200 *et seq.*; which conduct has deprived Plaintiff,
14 and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges
15 guaranteed to all employees under the law.

16    75. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in
17 violation of the Business & Professions Code § 17200 *et seq*.

18    76. Defendants, by engaging in the conduct herein alleged, by failing to pay wages,
19 etc., either knew or in the exercise of reasonable care should have known that their conduct was
20 unlawful; therefore their conduct violates the Business & Professions Code § 17200 *et seq*.

21    77. By the conduct alleged herein, Defendants have engaged and continue to engage in
22 a business practice which violates California and federal law, including but not limited to, the
23 applicable Industrial Wage Order(s), the California Code of Regulations, and the California Labor
24 Code including Sections 204, 1194, 1197, 1198, and 2802 for which this Court should issue
25 declaratory and other equitable relief pursuant to California Business & Professions Code § 17203
26 as may be necessary to prevent and remedy the conduct held to constitute unfair competition,
27 including restitution of wages wrongfully withheld.

28    78. As a proximate result of the above-mentioned acts of Defendants, Class Members

have been damaged, in a sum to be proven at trial.

79. Unless restrained by this Court Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the disgorgement of such profits as may be necessary to restore Class Members to the money Defendants have unlawfully failed to pay.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1. For an order certifying this action as a class action;

2. For compensatory damages in the amount of the unpaid minimum wages for work performed by Class Members from at least four (4) years prior to the filing of this action, as may be proven;

3. For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4. For compensatory damages in the amount of all unpaid wages, as may be proven;

9. For penalties pursuant to <u>Labor Code</u> § 203 for all Class Members who quit or were fired in an amount equal to their daily wages times thirty (30) days, as may be proven;

10. For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq*., including disgorgement or profits, as may be proven;

11. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

12. For other wages and penalties under the <u>Labor Code</u> as may be proven;

13. For all general, special, and incidental damages as may be proven;

14. For an award of pre-judgment and post-judgment interest;

15. For an award providing for the payment of the costs of this suit;

16. For an award of attorneys' fees; and

17. For such other and further relief as this Court may deem proper and just.

DATED: March 24, 2021

DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Natalie Haritoonian
Attorneys for Plaintiff RYAN CARTER
and all others similarly situated

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED:  March 24, 2021

DAVID YEREMIAN & ASSOCIATES, INC.

By _____
David Yeremian
Natalie Haritoonian
Attorneys for Plaintiff RYAN CARTER
and all others similarly situated